UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Angela McGowan, Trustee for the Next of kin of Jon Ross Wentz Deceased, | File No.: 0:25-cv-03834-LMP-DJF |
| Plaintiff, | |
| v. | |
| Evergreen Recovery, Inc., a Minnesota business corporation, Second Chances Sober Living, Inc. a Minnesota business corporation, Second Chances Recovery Housing, Inc., a Minnesota business corporation, Michael A. Slattery and Joseph Francis Sandoval II, | |
| Defendants. | |

## MICHAEL A. SLATTERY'S ANSWER TO COMPLAINT

**COMES NOW** Defendant Michael A. Slattery for his separate Answer to Plaintiff's Complaint, states and alleges as follows:

1. That said Complaint fails to state a claim upon which relief may be granted.

2. Unless otherwise admitted, qualified or otherwise explained, Defendant Slattery denies each and every allegation of the Complaint, except as is hereafter expressly admitted.

3. Defendant Slattery does not have sufficient information as to the allegations contained in Paragraphs 1, 2, 3, 4 and 6 of the Complaint.

1

4.      Defendant Slattery admits the allegations contained in Paragraph 5 of the Complaint.

5.      Defendant Slattery admits the allegations contained in Paragraphs 7 and 8 of the Complaint.

6.      As for the allegations contained in Paragraphs 9, 10, 11, 12, 13, 14, 15, 16 and 18 do not appear directed to Defendant Slattery, and therefore no response is required. To the extent that a response is required, Defendant Slattery does not have sufficient information to admit or deny, therefore, he denies the same and puts strict proof of same.

7.      As for the allegations contained in Paragraphs 17 and 19, Defendant Slattery admits that he owned a few houses in St. Paul but denies that he "partnered" with or had a mutual understanding with Defendant Evergreen Homes. Defendant Slattery denies all other allegations. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

8.      The allegations contained in Paragraph 18 are in the form of a legal conclusion, so no response is required. To the extent that a response is required, Defendant Slattery asserts that he does not have sufficient information to admit or deny and therefore denies the same and puts plaintiff to her strict proof of same.

9.      Defendant Slattery admits that he had the right to enter the 1157 Lawson Avenue address as the owner, as alleged in Paragraph 20 of the Complaint, but denies that he had the ability to control access and use of the properties. Defendant Slattery merely

rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

10. Defendant Slattery denies the allegations contained in Paragraph 21 of the Complaint. Defendant Slattery admits that he owned a few houses in St. Paul but denies that he "partnered" with or had a mutual understanding with Defendant Evergreen Homes. Defendant Slattery denies all other allegations. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

11. For his response to the allegations contained in Paragraph 22 of the Complaint, Defendant Slattery admits that he received rent for the properties. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

12. For his response to the allegations contained in Paragraphs 23 and 24 of the Complaint, Defendant Slattery denies that he was involved in a joint business venture and/or enterprise with the other Defendants. Defendant Slattery admits that he owned a few houses in St. Paul but denies that he "partnered" with or had a mutual understanding with Defendant Evergreen Homes. Defendant Slattery denies all other allegations. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities. Defendant Slattery puts Plaintiff to her strict proof of the same.

13. The allegations contained in Paragraphs 25, 26, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 are not directed to Defendant Slattery so no response is required. To

3

the extent that a response is required, Defendant Slattery does not have sufficient information to admit or deny the same and puts Plaintiff to her strict proof of same. Defendant Slattery admits that he owned a few houses in St. Paul but denies that he "partnered" with or had a mutual understanding with Defendant Evergreen Homes. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

14. For his response to the allegations contained in Paragraph 38, Defendant Slattery asserts that Defendant Sandoval was not his tenant, and puts Plaintiff to her strict proof of same. The remaining allegations are not directed at Defendant Slattery; therefore no response is required. To the extent that a response is required, Defendant Slattery denies the same. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

15. Defendant Slattery denies the allegations contained in Paragraph 39 of the Complaint. Defendant Slattery admits that he owned several houses in St. Paul but denies that he "partnered" with or had a mutual understanding with Defendant Evergreen Homes. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities. Defendant Slattery puts Plaintiff to her strict proof of same.

16. The allegations contained in Paragraphs 40, 41, 42, 43, 44, 45, 46 and 47 are not directed to Defendant Slattery, so no response is required. To the extent that a response

4

is required, Defendant Slattery does not have sufficient information to admit or deny and therefore denies the same.

17.   Defendant Slattery admits the allegations contained in Paragraphs 48 and 49 of the Complaint.

18.   For his response to the allegations contained in Paragraphs 50, 51, and 52 of the Complaint, Defendant Slattery does not have sufficient information to admit or deny, and therefore denies the same, and puts Plaintiff to her strict proof.

19.   Upon information and belief, Defendant Slattery admits that Defendant Sandoval assaulted and killed Jon Wentz and Jason Murphy, as alleged in Paragraphs 53 and 54 of the Complaint, but denies all other allegations and puts plaintiff to strict proof of same.

20.   For his response to the allegations contained in Paragraphs 55, 56, and 57 of the Complaint, Defendant Slattery does not have sufficient information to admit or deny, and therefore denies the same, and puts Plaintiff to her strict proof. Defendant denies that Joshua Paul Adams was his tenant. Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

21.   The allegations contained in Paragraphs 58 and 60 of the Complaint are not directed to Defendant Slattery, so no response is required.

22.   As for the allegations contained in Paragraph 59 of the Complaint, Defendant Slattery denies that he had any information that would have allowed or caused him to issue warnings related to any risk or danger presented by Defendant Sandoval's presence.

5

Defendant Slattery merely rented the properties to Second Chances Sober Homes. Defendant Slattery did not participate in the operation or control of the sober living facilities.

23. The allegations contained in Paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79 of the Complaint are not directed to Defendant Slattery, so no response is necessary. To the extent that a response is required, Defendant Slattery denies the same.

24. The allegations contained in Paragraphs 81, 82, 83, 84, 85, 86, 87, 88, and 89 of the Complaint are not directed to Defendant Slattery, so no response is necessary. To the extent that a response is required, Defendant Slattery denies the same.

25. The allegations contained in Paragraphs 90, 91, 92, 93, 94, 95 and 96 of the Complaint are not directed to Defendant Slattery, so no response is necessary. To the extent that a response is required, Defendant Slattery denies the same.

26. Defendant Slattery denies the allegations contained in Paragraphs 97, 98, 99, 100, 101 and 102 of the Complaint, and puts Plaintiff to her strict proof of same.

27. The allegations contained in Paragraphs 104, 105, 106 and 107 of the Complaint are not directed to Defendant Slattery, so no response is necessary. To the extent that a response is required, Defendant Slattery denies the same.

28. Defendant Slattery denies the allegations contained in Paragraph 108 of the Complaint and the Prayer for Relief and put Plaintiff to her strict proof of same.

## **AFFIRMATIVE DEFENSES**

29. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

30. Plaintiff's damages, if any, were caused by the acts or omissions of the Plaintiff.

31. This answering defendant affirmatively alleges that defendant is without sufficient information to admit or deny plaintiff's allegations of injury, damage or harm, if any, and therefore deny the same, putting plaintiff to her strictest proof thereof.

32. Defendant Slattery was not at fault, or in any way responsible for the injuries alleged by Plaintiff, and that Plaintiff's injuries were caused by other parties over which Defendant had no right or duty to control.

33. Defendant Slattery affirmatively alleges that it did not owe Plaintiff or decedent a duty, and that he did not breach any duty to Plaintiff or decedent.

34. Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

35. Plaintiff's claims are barred by assumption of the risk and/or contributory negligence.

36. Defendant Slattery was not a proximate cause of any of Plaintiff's claimed injuries or damages.

37. Defendant Slattery alleges that this matter cannot proceed without the addition of other persons and/or entities, which are considered necessary under Rule 19 of the Federal Rules of Civil Procedure.

38. Defendant Slattery asserts that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

39. Defendant Slattery asserts all affirmative defenses stated in Fed. R. Civ. P. 8(c) not specifically pled herein and expressly reserves his right to amend his Answer to assert any such defense as it becomes known. Defendant Slattery alleges that Plaintiff's claims may be barred by accord and satisfaction, arbitration and award, license, release, estoppel, assumption of risk, waiver, res judicata, lack of standing, collateral estoppel, merger, bar, ratification, statute of frauds, failure of consideration and lack of subject matter jurisdiction. Defendant Slattery reserves his right to establish the applicability of such defenses through discovery.

40. Defendant Slattery reserves his right to supplement and amend this Answer in the event that other affirmative defenses come to light in the course of litigation. Defendant Slattery further gives notice that he intends to rely upon any other defenses that may become available or apparent during discovery and reserves his right to assert any additional affirmative defenses.

41. Defendant Slattery affirmatively alleges that process herein and service of process may be inadequate and insufficient and by reason thereof, the above-named court may lack jurisdiction over Defendant Slattery.

## CROSS-CLAIM

Defendant Michael A. Slattery, for his cross-claims against Defendants Evergreen Recovery, Inc., Second Chances Sober Living, Inc. Second Chances Recovery Housing, Inc, and Joseph Francis Sandoval II, states and alleges as follows:

1. That Defendant Slattery may have been served with a Summons and Complaint and has answered the same as more fully set forth hereinbefore.

2.      That in the event Plaintiff is entitled to recovery against Defendant Michael A. Slattery, the same may be the result of the acts or omissions of Defendants Evergreen Recovery, Inc., Second Chances Sober Living, Inc. Second Chances Recovery Housing, Inc, and Joseph Francis Sandoval II, careless, negligent or intentional in nature, and for which Defendant Michael A. Slattery is entitled to indemnity and/or contribution.

**WHEREFORE**, Defendant Michael A. Slattery requests that Plaintiff takes nothing by reason of her pretended cause of action and that Defendant Michael A. Slattery have judgement for his costs and disbursements herein and for such other relief as the Court deems just and proper or for indemnity or contribution from Defendant Evergreen Recovery, Inc., Second Chances Sober Living, Inc. Second Chances Recovery Housing, Inc, and Joseph Francis Sandoval II, together with costs and disbursements and for such further relief as the Court deems just and proper.

Dated:     10/24/25                          /s/McKaylee E. Berg
                                             Michael J. Tomsche (#0213512)
                                             McKaylee E. Berg (#0506088)
                                             TOMSCHE, SONNESYN & TOMSCHE, P.A.
                                             1000 Shelard Parkway, Suite 400
                                             Minneapolis, MN 55426
                                             Telephone: (612) 520-8611
                                             mtomsche@tstlaw.com
                                             mberg@tstlaw.com

                                             *Attorneys for Defendant*
                                             *Michael A. Slattery*