# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANGELA MCGOWAN, *Trustee for the next-of-kin of Jon Ross Wentz deceased*, | Case No. 25-cv-3834 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| EVERGREEN RECOVERY, INC.; SECOND CHANCES SOBER LIVING, INC.; SECOND CHANCES RECOVERY HOUSING, INC.; MICHAEL A. SLATTERY; and JOSEPH FRANCIS SANDOVAL II, | |
| Defendants. | |

Invoking this Court's diversity jurisdiction, Plaintiff Angela McGowan brought this wrongful-death action under Minn. Stat. § 573.02 as trustee for decedent Jon Ross Wentz. ECF No. 1 ¶ 7. McGowan served all Defendants, but only Defendant Michael A. Slattery answered the complaint. *See* ECF Nos. 6, 9. After notifying the Court of a settlement between the parties, ECF No. 10, McGowan and Slattery stipulated to dismiss all claims against him with prejudice, ECF No. 12. McGowan also purported to voluntarily dismiss with prejudice the claims against Defendants Evergreen Recovery, Inc., Second Chances Sober Living, Inc., and Second Chances Recovery Housing, Inc., and to dismiss without prejudice the claims against Defendant Joseph Francis Sandoval II. *Id.*

The Court is not so certain that dismissal and settlement of this action can be accomplished in the manner proposed by the parties. Local Rule 17.1 provides that "[i]n

diversity actions brought . . . by a trustee appointed to maintain a wrongful-death action, the court follows the State of Minnesota's procedure for approving settlements and allowing attorney's fees and expenses." To that end, Minnesota law "require[s] a court to approve the distribution of wrongful death settlement funds." *Minneapolis Star & Trib. Co. v. Schumacher*, 392 N.W.2d 197, 205 (Minn. 1986); *see* Minn. Stat. § 573.02, subd. 1. Minnesota Rule of General Practice 144.05, in turn, provides the process by which a trustee "shall" seek judicial approval to distribute proceeds from a wrongful-death settlement.

## ORDER

Accordingly, based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that no later than February 27, 2026, the parties must either:

a. File briefing with the Court explaining why Minnesota's procedure for approving a wrongful-death settlement in Minn. Stat. § 573.02 and Minnesota Rule of General Practice 144.05 does not apply to this case; or

b. File a petition for approval of distribution of wrongful-death settlement proceeds, pursuant to Minnesota Rule of General Practice 144.05.

Dated: January 28, 2026         *s/Laura M. Provinzino*
                                 Laura M. Provinzino
                                 United States District Judge