# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ANGELA McGOWAN, *Trustee for the next-of-kin of Jon Ross Wentz deceased*,

Plaintiff,

v.

EVERGREEN RECOVERY, INC.;
SECOND CHANCES SOBER LIVING,
INC.; SECOND CHANCES
RECOVERY HOUSING, INC.;
MICHAEL A. SLATTERY; and
JOSEPH FRANCIS SANDOVAL II,

Defendants.

Case No. 25-cv-3834 (LMP/DJF)

**ORDER**

---

Invoking this Court's diversity jurisdiction, Plaintiff Angela McGowan brought this wrongful-death action under Minn. Stat. § 573.02 as trustee for decedent Jon Ross Wentz. ECF No. 1 ¶ 7. McGowan served all Defendants, but only Defendant Michael A. Slattery answered the complaint. *See* ECF Nos. 6, 9. After notifying the Court of a settlement between the parties, ECF No. 10, McGowan and Slattery stipulated to dismiss all claims against him with prejudice, ECF No. 12. McGowan also purported to voluntarily dismiss with prejudice the claims against Defendants Evergreen Recovery, Inc., Second Chances Sober Living, Inc., and Second Chances Recovery Housing, Inc., and to dismiss without prejudice the claims against Defendant Joseph Francis Sandoval II. *Id.*

The Court then entered an order to show cause why Minnesota's procedure for approving a wrongful-death settlement in Minn. Stat. § 573.02 and Minnesota Rule of

General Practice 144.05 did not apply to this case.  ECF No. 14.  The parties promptly responded, explaining that on December 11, 2025, they had filed a petition for approval of distribution of wrongful-death settlement proceeds in Ramsey County District Court, in the court file where the petition for trustee was appointed.  ECF No. 15.

Minnesota Rule of General Practice 144.05 details where a petition for approval of distribution of wrongful-death settlement proceeds must be filed.  Specifically, if a wrongful-death action is commenced, the petition "shall be heard by the court in which the action was tried, or in the case of a settlement, by the court in which the action was pending at the time of settlement."  However, if a wrongful-death action "was not commenced, the petition shall be heard by the court in which the trustee was appointed."  Here, a wrongful-death action *was* commenced in this Court on October 3, 2025, ECF No. 1, more than two months before the petition for distribution of settlement proceeds was filed in Ramsey County District Court, *see* ECF No. 15.  Accordingly, Minnesota Rule of General Practice 144.05 requires that a petition on settlement be heard "by the court in which the [wrongful-death] action was pending at the time of settlement."  Perhaps this Court is missing something, but by all indications, it is this Court, not state court, where the wrongful-death action was pending at the time of settlement.

Ultimately, it is Plaintiff's right, without court order, to dismiss the complaint against the nonanswering Defendants, and to dismiss the claims against Slattery on stipulation.  *See* Fed. R. Civ. P. 41(a)(1)(A).  The Court will not get in the way of that approach.  But although Plaintiff believes that the "Ramsey County District Court retains the authority and jurisdiction to issue the Order distributing the proceeds as requested," the

2

Court respectfully observes that Minnesota Rule of General Practice 144.05 seems to require the petition to be filed in this Court.

Accordingly, the Court recognizes that Plaintiff has dismissed her complaint, ECF No. 1, on the terms set forth in ECF No. 12 and will order this matter closed. *See Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017) (citation omitted) (explaining that a voluntary dismissal under Rule 41(a)(1) is "effective automatically and does not require judicial approval").

Dated: February 4, 2026                          *s/Laura M. Provinzino*
                                                  Laura M. Provinzino
                                                  United States District Judge

3